# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
(302) 658-3989 Fax

Alexandra M. Cumings
(302) 351-9248
(302) 425-4670 Fax
acumings@morrisnichols.com

January 30, 2024

**BY EFILING**

The Honorable Jennifer L. Hall
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE  19801

      Re:    [Sealed Case], Case No. 1:23-CV-00989-JLH

Dear Judge Hall:

      I write on behalf of Defendants PDV Holding, Inc., CITGO Holding, Inc. (f/k/a PDV America, Inc.), and CITGO Petroleum Corporation (together, the "CITGO Defendants") regarding the sealing of the above-captioned action.  The CITGO Defendants first learned of this action in November 2023, and the entirety of the case has been under seal—and inaccessible to the CITGO Defendants—since that time.  We understand that Plaintiffs have filed a currently-pending motion to seal the entire action (the "Motion to Seal"), but the CITGO Defendants have not received a copy of the Motion.  For the reasons that follow, the CITGO Defendants respectfully request that the Court enter the enclosed proposed order providing them with (i) access to the Motion to Seal, (ii) an opportunity to oppose the Motion to Seal, and (iii) a process for electronic service of case filings going forward.

\*    \*    \*

      The above-captioned case is currently entirely under seal, which means that the docket is inaccessible to the CITGO Defendants even though their counsel have entered their appearance in this action.[1]  The CITGO Defendants only have access to, or even knowledge of, filings if Plaintiffs or the Court provided them a copy.  To date, the only documents the CITGO Defendants have received are copies of the Amended Complaint (via mail), summons (same), and the Court's orders granting the CITGO Defendants' motions for admissions *pro hac vice* (from the Court directly)

---

[1] The CITGO Defendants entered their appearance for the purpose of filing a motion for an extension of time to respond to the First Amended Complaint.  D.I. 27.  As noted in that Motion, the CITGO Defendants reserve the right to assert a defense of insufficient service of process at the appropriate time.

The Honorable Jennifer L. Hall
January 30, 2024
Page 2

(D.I. 25, 26).  To the extent other documents have been filed, the CITGO Defendants have not received service of them.  The continued sealing of this action is unfairly impairing the CITGO Defendants' access to court filings, including access to the pending Motion to Seal that the CITGO Defendants wish to oppose.  Indeed, just this week, the CITGO Defendants received an ECF notification for a document filed on January 29, 2024, but all pertinent information, including the filer and document title, was "Redacted."  *See* Ex. 1 (ECF notification).

The CITGO Defendants deserve—and request—an opportunity to fully brief an opposition to the Motion to Seal.  But even having not yet seen the motion, the CITGO Defendants doubt that the extreme relief of a fully sealed docket is warranted.  Judicial records—such as the filings in this case—should be publicly available to the extent possible while avoiding any "clearly defined and serious" threat of harm to the party seeking to prevent disclosure.  *See e.g., In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672-74 (3d Cir. 2019) (there is a "presumptive right of public access" to judicial records under both the common law and the First Amendment).  The presumption of public access is overcome only where the material sought to be protected is (1) "the kind of information that courts will protect[,]" and (2) "disclosure will work a clearly defined and serious injury to the party seeking [sealing]." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).  "[A] party who seeks to seal an entire record faces an even heavier burden." *Hulton v. Artesian Water Co.*, No. CV 22-1584 (MN), 2023 WL 3582672, at *2 (D. Del. May 22, 2023) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  In determining whether to grant a motion to seal, "the strong common law presumption of access must be balanced against the factors militating against access.  The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Id.* (citing *Cendant*, 260 F.3d at 194).

Having not seen Plaintiffs' Motion to Seal, the CITGO Defendants do not know whether Plaintiffs even seek such extraordinary relief.  In fact, Plaintiffs' Amended Complaint requested that a pseudonymous version of the complaint be filed; only their proposed order requested full sealing of the entire matter. *See* First Am. Comp. ¶¶ 01, 05; Proposed Order ¶¶ 3, 4.  *Cf. Avandia Mktg.*, 924 F.3d at 672-74 (under both the common law right of access and the First Amendment, requiring that a movant demonstrate that disclosure "will work a clearly defined and serious injury" and requiring the district court to make "specific findings on the record concerning the effects of disclosure" after a document-by-document review).  At this time, the CITGO Defendants do not oppose submission of a pseudonymous complaint.  Other than redactions to the complaint and to other filings to withhold the names and other identifying information regarding three of the Plaintiffs[2] and the putative class members, however, there does not appear to be any justification for all filings to be sealed in their entirety.  In fact, the existence of the lawsuit and claims alleged

---

[2] Because Plaintiff Ivan Freites does not seek protection from the publication of his name (Am. Compl. ¶ 01), the CITGO Defendants respectfully suggest that his name may be moved to the first name in the Complaint, allowing the case to be captioned *Freites v. The Bolivarian Republic of Venezuela*.

The Honorable Jennifer L. Hall
January 30, 2024
Page 3

therein have been made public by certain of the Plaintiffs. *See, e.g.*, Ex. 2 (article published in multiple Venezuelan news outlets indicating that certain Plaintiffs discussed publicly the "progress and scope of the lawsuit"); Ex. 3 (same article); Ex. 4 (social media post from account identified as Ivan Freites (one of the Plaintiffs) describing action and soliciting additional plaintiffs).[3] In any event, requiring Plaintiffs to prepare a version of the complaint (and any other filings) that can be publicly filed would allow the Court to lift the current sealing of the case and provide the CITGO Defendants with their right to access the docket and all sealed filings.

Alternatively, should the Court determine that the entire case is to remain under seal to the general public, the CITGO Defendants respectfully request that they be given full access to the docket and to ECF notifications so as to protect their rights to participate fully in this case. Even if Plaintiffs have presented sufficient justification for sealing more than their names and identifying information, certainly a less restrictive and obstructive solution than sealing the entire docket can and should be employed to reduce the burden and prejudice on the CITGO Defendants. And if Plaintiffs file something that they argue should be withheld from the CITGO Defendants, such filing should be accompanied by a motion explaining their reasoning. Otherwise, Federal Rule of Civil Procedure 5(a) entitles the CITGO Defendants to service of all material filings.

Separately, the CITGO Defendants respectfully request that the Court enter an order requiring the parties who have appeared in the action to register for CM/ECF and serve all filings via that platform contemporaneously with when they are filed and to retroactively serve by email all documents filed to date. At present, the CITGO Defendants have no means of serving three of the named plaintiffs other than by leaving copies of filings with the Court pursuant to Federal Rule of Civil Procedure 5(b)(2)(D). For the Lead Plaintiff, the CITGO Defendants served their December 8, 2023 Motion for an Extension of Time (D.I. 27) by sending hard copies to the Switzerland address he listed on the summons, which is the only address known to the CITGO Defendants. Fed. R. Civ. P. 5(b)(2)(B)(ii). Upon filing the Motion for Extension, counsel for the CITGO Defendants sought the Lead Plaintiff's agreement to proceed with email service going forward by sending an email to the Lead Plaintiff at the email address listed in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No. 1:17-mc-00151-LPS, D.I. 769 at 6. On January 11, 2024, the Lead Plaintiff refused to accept service by email, citing security concerns. (Because they do not have access to the docket, the CITGO Defendants do not know if Plaintiffs have responded to the CITGO Defendants' Motion for Extension.)

Requiring Plaintiffs to utilize CM/ECF will ensure that the CITGO Defendants have and will receive all filings—and that Plaintiffs receive the CITGO Defendants' filings, as well. This solution will also resolve the Lead Plaintiff's security concerns and unburden the Court from its current role as the conduit of documents. The CITGO Defendants understand their obligation under the Federal Rules to serve Plaintiffs by the means provided under Rule 5, but respectfully

---

[3] Exhibits 2-4 to this letter are in Spanish, so we have attached the original Spanish versions and English versions translated via Google Translate. The CITGO Defendants will submit certified translations if the Court would like.

The Honorable Jennifer L. Hall
January 30, 2024
Page 4

submit that mailing every filing to Switzerland is time consuming, costly, and less reliable than CM/ECF or email.[4]  The converse is also true—the CITGO Defendants do not know whether or when the Plaintiffs have attempted to serve filings on the CITGO Defendants by mail, and there is a risk of missing filing deadlines provided Plaintiffs' presumptive reliance on international mail. The CITGO Defendants, of course, are amenable to another workable solution (such as service by email via a secure FTP site).

   Counsel are available at the convenience of the Court should Your Honor have any questions.

Respectfully,

*/s/ Alexandra M. Cumings*

Alexandra M. Cumings (#6146)

Enclosures

---

[4] The CITGO Defendants will serve a copy of this letter to the Lead Plaintiff in Switzerland via mail, with return receipt requested.