IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN R. FREITES C., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 23-989 (JLH) |
| ) | |
| THE BOLIVARIAN REPUBLIC OF ) | |
| VENEZUELA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

At Wilmington, this 9th day of February 2024, having considered Plaintiffs' motion to seal (D.I. 16), Plaintiffs' motion to file a second amended complaint (D.I. 18), the CITGO Defendants' motion for an extension of time to respond to the amended complaint (D.I. 27), Plaintiffs' motion for leave to file a third amended complaint (D.I. 31), and the CITGO Defendants' January 30, 2024 letter to the Court (D.I. 34);

IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a third amended complaint (D.I. 27) is **GRANTED**.

2. The CITGO Defendants' motion for an extension of time to respond to the amended complaint (D.I. 27) and Plaintiffs' motion for leave to file a second amended complaint (D.I. 18) are **DENIED** as moot.

3. Plaintiffs' motion to seal (D.I. 16), which, read in conjunction with Plaintiffs' motion for leave to file a third amended complaint (D.I. 31), requests that all but two of the

Plaintiffs (including those Plaintiffs added in the proposed third amended complaint) be referred to by pseudonyms is **GRANTED**.[1]

---

[1] Although, as a general rule, "[a] plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings," the Third Circuit has noted that in "exceptional cases" plaintiffs may be permitted to do so where they "show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations and internal quotation marks omitted). When considering permitting plaintiffs to so proceed, the Third Circuit has instructed courts to consider a non-exhaustive list of factors. Factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Factors disfavoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467).

After considering the relevant factors in the context of the allegations in the proposed third amended complaint pertaining to Plaintiffs' fear of death, kidnapping, and imprisonment for themselves and their family members, the Court concludes that the factors weigh in favor of anonymity. In short, the Court concludes that Plaintiffs have demonstrated a reasonable fear of severe harm. *See Megless*, 654 F.3d at 408. Notably, the CITGO Defendants do not oppose anonymity. (D.I. 34 at 2.) This fact is not dispositive to the analysis, but it was considered by the Court in evaluating the factors disfavoring anonymity.

2

4.  The CITGO Defendants' request that the case caption be changed so that a publicly identified Plaintiff is the first name listed (D.I. 34 at 2 n.2) is **GRANTED**. The Clerk of Court is directed to change the caption of the case to *Freites C., et al. v. The Bolivarian Republic of Venezuela, et al.*

5.  On the docket, the Clerk of Court is directed to list Plaintiff Ivan R. Freites C. first, followed by Miguel Enrique Otero. The other five Plaintiffs shall be listed as Plaintiff 3, Plaintiff 4, Plaintiff 5, Plaintiff 6, and Plaintiff 7, respectively.[2] The parties shall refer to Plaintiffs with these pseudonyms in filings going forward.

6.  Plaintiffs shall file a version of the proposed third amended complaint that incorporates the above-listed pseudonyms and effectuate service on Defendants of the same. The properly revised Third Amended Complaint shall be filed on or before **March 11, 2024**.

7.  The Clerk of Court is directed to unseal this case, but to leave all filings up to and including D.I. 31 under seal. This Order shall not be placed under seal.

8.  The Court will revisit the CITGO Defendants' request for a process for electronic service of case filings going forward, should it prove necessary. Electronic filing rights necessarily require registration through PACER, which results in the filer's name appearing on the docket. To date, the only Plaintiff that has requested and been granted electronic filing rights also wishes to proceed under a pseudonym, and for this reason has apparently declined to exercise his electronic filing rights.

_____
The Honorable Jennifer L. Hall
United States District Judge

---

[2] The Plaintiff currently listed first in the proposed third amended complaint (D.I. 31-1 at 2) shall be "Plaintiff 3," the Plaintiff currently listed third shall be "Plaintiff 4," the Plaintiff currently listed fourth shall be "Plaintiff 5," the Plaintiff currently listed sixth shall be "Plaintiff 6," and the Plaintiff currently listed seventh shall be "Plaintiff 7."