IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Freites C., *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>Petróleos de Venezuela, S.A., *et al.*,<br><br>       Defendants. | C.A. No. 23-989-JLH |

## ORDER

Pending before the Court are a multitude of motions filed by *pro se* Plaintiffs. (D.I. 54, 59, 60, 61, 67, 68, 69, 73, 79, 83, 84.) After Plaintiffs filed a number of documents under seal and repeatedly attempted to communicate with the Court *ex parte*, the Court ordered (1) that all communications from the parties to the Court must be made via motion or other submission on the docket, (2) that Plaintiffs' purportedly *ex parte* filings would only be considered if they were filed on the docket and served on Defendants, (3) that, going forward, Plaintiffs must seek leave of Court before filing any documents under seal or *ex parte*, and (4) that Plaintiffs must serve their filings at D.I. 54 and 56 on Defendants and file a certificate of service by July 5, 2024. (D.I. 64.)

Plaintiffs did not serve D.I. 54 and 56 on counsel for Defendants (or file a certificate of service) and instead filed motions for leave to submit their filings at D.I. 54 and 56 and future filings under seal and *ex parte*. (D.I. 67, 68, 69.) Plaintiffs also filed multiple motions to expedite their pending motions. (D.I. 61, 73, 79.) Other pending motions include an un-served motion for

a preliminary injunction (D.I. 54), three motions to seal (D.I. 59, 83, 84), and a motion for leave to file a Rule 60(b)(2) motion (D.I. 60).  The CITGO Defendants[1] responded.[2]  (D.I. 63, 76, 80.)

1.  The Court first addresses Plaintiffs' "Motion to Seal D.I. 54, D.I. 56, and Subsequent Filings Related to These Documents" (D.I. 67).  The Court previously ordered Plaintiffs to serve Defendants with papers that Plaintiffs filed electronically under seal.  Plaintiffs say they shouldn't have to do that because the presumption of public access to judicial records is not absolute.  Plaintiffs are correct that judicial records can under certain circumstances be sealed from the public, but Plaintiffs cannot shield their filings from Defendants.  Plaintiff's motion is therefore DENIED.  Plaintiffs are again ORDERED to serve the filings at D.I. 54 and 56 on counsel for Defendants and to file a certificate of service on or before September 11, 2024.  Failure to comply with this Order will result in revocation of Plaintiffs' electronic filing privileges and may result in dismissal of the case.

2.  The Court next addresses Plaintiffs' "Motion for Sealed E-filing Privileges, Temporary Sealing, and Caption Modification" (D.I. 59).  In that motion, Plaintiffs ask the Court (i) to allow Plaintiffs to file documents electronically under seal, (ii) to temporarily seal the entire case, (iii) to change the case caption to redact Plaintiff Freites's name, and (iv) to remove the Bolivarian Republic of Venezuela from the case caption.  The Court has already ordered that all

---

[1] The "CITGO Defendants" are Defendants PDV Holding, Inc., CITGO Holding, Inc. (f/k/a PDV America, Inc.), and CITGO Petroleum Corporation.  (D.I. 34.)  The Court previously granted the CITGO Defendants' motion to extend the deadline to respond to Plaintiffs' Second Amended Complaint until 60 days after Petróleos de Venezuela, S.A. has been served under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, *et. seq.*, and any sovereign-immunity-based objections have been resolved.  (D.I. 53.)

[2] The CITGO Defendants have appeared in the case for limited purposes and have reserved the right to assert a defense of insufficient service of process.  (D.I. 34 at 1 n.1; D.I. 52 at 5 n.2.)  The record does not reflect that the summons and Complaint were properly served on the CITGO defendants in accordance with Fed. R. Civ. P. 4.

future submissions should be filed on the docket and that the parties must request leave to file any documents under seal (D.I. 64); accordingly, the Court denies requests (i) and (ii).  As for (iii), the request is denied because Plaintiffs and Freites previously asked the Court to use Freites's name in the caption instead of the other individual Plaintiffs.  (D.I. 16, 37.)[3]  As for (iv), Plaintiffs' Second Amended Complaint does not identify the Bolivarian Republic of Venezuela as a Defendant; that Defendant is no longer part of the case.  (D.I. 45, Ex. 1.)[4]  Plaintiffs' Motion for Sealed E-filing Privileges, Temporary Sealing, and Caption Modification (D.I. 59) is therefore DENIED.

3.  At D.I. 68, Plaintiffs filed a "Motion to Leave File on *Ex Parte* Memorandum Related to Potential Plaintiffs in Support of Plaintiffs' D.I. 54 and Subsequent *Ex Parte* Filings." Plaintiffs seek leave to file *ex parte* anonymous letters from "three potential plaintiffs" "highlighting the severe damage to the integrity of the judicial process due to actions from Defendants[.]"  (D.I. 68 at 1.)  Plaintiffs do not explain how anonymous letters from third parties are relevant to the issues in this case or any pending motion, and the Court is not persuaded that it is appropriate for the letters to be filed *ex parte*.  If Plaintiffs want the Court to consider the letters, they should be filed on the docket and served on counsel for Defendants in accordance with the Court's Order at D.I. 64.  Plaintiffs' motion is therefore DENIED.

---

[3] In addition, Plaintiffs' proposed Second Amended Complaint states that "Mr. Freites waives the identity protection request."  (D.I. 31, Ex. 1 at 8.)  Defendants have submitted documents showing that Mr. Freites has publicly discussed the case and identified himself as lead plaintiff.  (D.I. 34, Exs. 2–4.)

[4] The Court treats the Redacted Second Amended Complaint at D.I. 45, Ex. 1 as the operative complaint, notwithstanding that (1) the Court previously ordered Plaintiffs to file a Third Amended Complaint (D.I. 37) but no Third Amended Complaint was ever filed, and (2) the Court previously granted Plaintiffs' request to refer to certain Plaintiffs pseudonymously (D.I. 37) yet the Redacted Second Amended Complaint redacts the names and pseudonyms of all Plaintiffs.

4. At D.I. 69, Plaintiffs filed a "Motion to Leave Sealed Filing of Threats Received By a Plaintiff." In this motion, Plaintiffs again ask the Court to allow them to file D.I. 54 and D.I. 56 under seal and further seal all subsequent documents. (D.I. 69 at 1, 3.) It is unclear if the motion seeks authority to file any other particular document under seal, but it appears that Plaintiffs seek leave to file evidence of purported threats under seal. Plaintiffs assert that "Plaintiffs received threats from a high-ranking Venezuelan official" but do not provide details explaining how those alleged threats are related to the case. Plaintiffs also repeatedly reference their filings at D.I. 54 and 56, which Plaintiffs have not served on counsel for Defendants in violation of this Court's Order. The Court has sympathy for Plaintiffs' concerns about personal security and is amenable to considering appropriate relief, including by entering a protective order limiting dissemination of case materials. But Plaintiffs cannot shield their sealed filings from counsel for Defendants. Plaintiffs' Motion to Leave Sealed Filing of Threats By Plaintiff (D.I. 69) is DENIED.

5. At D.I. 83, Plaintiffs filed a "Motion for Leave to File Sealed Document" that reasserts the same arguments as the prior motions. For the same reasons, it is DENIED.

6. At D.I. 84, Plaintiffs filed an "Emergency Motion for Leave to File Supplement to the Record Under Seal." This motion is more detailed and explains that Plaintiffs seek leave to file under seal an "official document contain[ing] information regarding the internal employment and contractual arrangements of CITGO and PDVSA, which are sensitive and proprietary in nature." (D.I. 84 at 2.) Plaintiffs allege that the documentation will show that individuals associated with Defendants "breach[ed] the Court's seal." (*Id.* at 1.) The motion is GRANTED-IN PART to the extent it requests leave to file under seal and is DENIED-IN-PART to the extent it requests *ex parte* consideration from the Court. Plaintiffs may file the documents under seal, but Plaintiffs must serve the documents on counsel for Defendants within one week of filing.

7. The Court next addresses Plaintiffs' "Motion for Leave to File Under FRCP 60(b)(2) Due to Fraud Against Plaintiffs." (D.I. 60.) Plaintiffs "respectfully move this Court for leave to file electronically sealed documentation pertaining to case Case 1:17-MC-00151-LPS (Crystallex et al. v. Bolivarian Republic of Venezuela) under Federal Rule of Civil Procedure 60(b)(2) to seek relief from judgment due to fraud perpetrated against the Plaintiffs." (D.I. 60 at 1.) Plaintiffs do not seek relief from any judgment or order filed in this case; instead, they purport to seek relief from a judgment in a different case (in which they are not parties). Plaintiffs filed a similar motion seeking the same relief in that case, which was denied (as was Plaintiffs' motion for re-argument). *Crystallex v. Bolivarian Republic of Venezuela, et al.*, No. 17-mc-151, D.I. 1200 ("Motion for Relief from Judgment under FRCP 60(b) and Request for Sealed Filing of Supplement" filed by Ivan Freites), D.I. 1218 (Order Denying 60(b) motion), D.I. 1219 (Motion for Reconsideration), D.I. 1226 (Order denying Motion for Reconsideration). Plaintiffs' motion does not identify any applicable judgment that Plaintiffs seek relief from and does not identify a legal basis for relief. Plaintiffs' motion is therefore DENIED.

8. The Court next addresses Plaintiffs' "Emergency Motion to Expedite Pending Motions" (D.I. 61), Plaintiffs' "Emergency Motion to Expedite Pending Ex Parte Motions, Requests and Paper Submissions" (D.I. 73), and Plaintiffs' Emergency Motion to Expedite (D.I. 79). Those motions are DENIED as moot to the extent they seek to expedite the Court's resolution of the motions resolved above. To the extent the motions seek to expedite the Court's consideration of Plaintiffs' motion at D.I. 54, the motions are DENIED because Plaintiffs have failed to comply with the Court's order requiring Plaintiffs to serve D.I. 54 and D.I. 56 on counsel for Defendants (D.I. 64). The motion at D.I. 73 also seeks to expedite the Court's consideration of "all paper submissions presented to the Court between May 30, 2024, and July 3, 2024," but the

Court's order at D.I. 64 clearly explained that the Court "has not reviewed those submissions" and that "[s]hould Plaintiffs wish the Court to consider their paper submissions, they must file them on the docket." Those submissions have not been filed on the docket and Plaintiffs' motions to file them *ex parte* are DENIED.

Dated: August 30, 2024

                                                                                    _____
                                                                                    The Honorable Jennifer L. Hall
                                                                                    UNITED STATES DISTRICT JUDGE