UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVAN R. FREITES, et al., Plaintiffs,

v.

PETRÓLEOS DE VENEZUELA, S.A., et al., Defendants.

Case No. 1:23-CV-00989-JLH

**MOTION FOR RELIEF AND SANCTIONS FOR TORTIOUS INTERFERENCE AND VIOLATIONS UNDER THE KU KLUX KLAN ACT AGAINST DINORAH FIGUERA, GUSTAVO MARCANO, AND YON GOICOECHEA**

INTRODUCTION

Plaintiffs respectfully move this Honorable Court for relief and sanctions against Dinorah Figuera, Gustavo Marcano, and Yon Goicoechea for their coordinated conspiracy to commit tortious interference and violate the Ku Klux Klan Act (42 U.S.C. § 1985(2)). These Defendants knowingly participated in actions to harm Plaintiffs' ability to pursue justice, violating their protected rights and undermining this Court's authority.

This motion incorporates prior pleadings, including D.I. 54, D.I. 100, and D.I. 103, which detail Defendants' actions to intimidate Plaintiffs, disclose sealed information, and fund campaigns to obstruct justice and interfere with these legal proceedings.

JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under federal law, including the Ku Klux Klan Act (42 U.S.C. § 1985(2)) and related federal statutes. Jurisdiction is also proper under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over Plaintiffs' state law claims, including tortious interference. Venue is proper in this District

pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants directed their wrongful actions to harm Plaintiffs in connection with judicial proceedings in this District. Additionally, Defendants are subject to this Court's personal jurisdiction because their actions had a direct and substantial impact within the United States, specifically in the District of Delaware.

FACTS

1. Protected Legal Proceedings:

Plaintiffs initiated this litigation under seal to protect their identities and their ability to pursue justice without fear of retaliation or harm.

This Court issued a sealing order to preserve confidentiality and protect Plaintiffs from threats and interference.

2. Defendants' Misconduct

Dinorah Figuera

As the President of the Asamblea Nacional, Figuera held a critical leadership role, which obligated her to prevent actions that obstruct justice or interfere with Plaintiffs' legal rights. Despite her position, she failed to act upon credible warnings of illegal activities targeting Plaintiffs. These activities included:

1. Dissemination of Confidential Information: Under her oversight, sensitive and sealed information was unlawfully disclosed, exposing Plaintiffs to retaliation and harm.

2. Misuse of Funds: As a key decision-maker in financial allocations within the Asamblea Nacional, she oversaw and allowed the diversion of funds intended for

public purposes to finance campaigns of harassment and intimidation aimed at Plaintiffs.

Her inaction and negligence directly facilitated the disruption of federal legal proceedings and harmed Plaintiffs, undermining her duty as a public official to uphold the integrity of judicial processes.

Gustavo Marcano

As a prominent member of the Asamblea Nacional and a coordinator of CAPA (Comisión de Administración y Protección de Activos), Marcano played a pivotal role in enabling the misuse of resources. His misconduct included:

1. Facilitation of Financial Flow: In collaboration with Goicoechea, Marcano directed funds to third parties tasked with harassment, defamation, and intimidation of Plaintiffs.

2. Coordination of CAPA Activities: Marcano's involvement in CAPA, which oversees Venezuelan state assets abroad, allowed him to allocate resources for illicit purposes under the guise of asset protection.

His active participation in this conspiracy demonstrates intentional interference with Plaintiffs' ability to access justice and a blatant disregard for his responsibilities as a public official.

Yon Goicoechea

As a senior advisor within the Asamblea Nacional and a member of CAPA, Goicoechea directly financed and organized activities targeting Plaintiffs. His actions included:

1. Direct Financial Support: Goicoechea used funds under his control to pay third-party actors tasked with harassment and defamation of Plaintiffs.

2. Dissemination of Sealed Information: He orchestrated the public release of confidential and sealed court information to intimidate Plaintiffs and influence the litigation.

3. Coordination of Harassment Campaigns: His deliberate actions were designed to obstruct justice by creating a hostile environment for Plaintiffs, discouraging them from pursuing their claims.

Evidence of Goicoechea's and others misconduct, is pending before the Court under seal (D.I. 100). His leadership role within the Asamblea Nacional and involvement in CAPA further illustrate his central role in the conspiracy to harm Plaintiffs and disrupt judicial proceedings.

3. Impact on Plaintiffs:

Plaintiffs suffered significant harm, including threats to their safety, emotional distress, and reputational damage.

Defendants' actions undermined the integrity of these proceedings, necessitating immediate Court intervention.

LEGAL STANDARD: TORTIOUS INTERFERENCE

Under Delaware law, a claim for tortious interference requires Plaintiffs to prove the following elements:

1. A Valid Relationship or Expectancy:
Plaintiffs' ability to pursue justice in this Court without intimidation, harassment, or interference constitutes a valid legal relationship protected by law.

2. Defendants' Knowledge of the Relationship:
Defendants were fully aware of Plaintiffs' legal proceedings and the Court's orders protecting the confidentiality of these proceedings.

3. Intentional and Unjustified Interference:
Defendants intentionally disrupted Plaintiffs' ability to litigate through acts of harassment, defamation, and unauthorized disclosure of sealed information. This interference was unjustified and motivated by malice and financial interests.

4. Causation and Damages:
Defendants' actions caused significant harm to Plaintiffs, including emotional distress, reputational damage, and increased costs associated with protecting the integrity of these proceedings.

(DeBonaventura v. Nationwide Mut. Ins. Co., 419 A.2d 942, 947 (Del. Ch. 1980); WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P., 49 A.3d 1168, 1178 (Del. 2012).)

CAUSES OF ACTION

1. Tortious Interference

The Defendants' actions constitute intentional interference with Plaintiffs' protected legal relationship with this Court.

Figuera's Negligence: Allowed the conspiracy to flourish by failing to prevent or address threats to Plaintiffs.

Marcano's Complicity: Facilitated the misuse of financial resources to fund harassment campaigns against Plaintiffs.

Goicoechea's Direct Role: Provided financial and logistical support to third parties engaged in defamation, threats, and unauthorized disclosures of sealed information.

2. Violation of the Ku Klux Klan Act (42 U.S.C. § 1985(2))

Defendants conspired to obstruct justice and intimidate Plaintiffs, violating the Ku Klux Klan Act:

Protected Legal Proceedings: Plaintiffs' access to the Court is protected under federal law.

Conspiracy to Intimidate: Defendants' coordinated efforts were designed to prevent Plaintiffs from pursuing their legal claims.

Resulting Harm: Plaintiffs suffered significant harm, and the integrity of the proceedings has been compromised.

(Kush v. Rutledge, 460 U.S. 719, 725 (1983); Haddle v. Garrison, 525 U.S. 121, 125 (1998).)

RELIEF REQUESTED

Plaintiffs respectfully request that this Court grant the following relief:

1. Declare Defendants' actions a violation of the Ku Klux Klan Act (42 U.S.C. § 1985(2)) and tortious interference under Delaware law.

2. Impose monetary sanctions to compensate Plaintiffs for damages caused by Defendants' actions.

3. Issue an injunction prohibiting Defendants from further harassment, retaliation, or disclosure of confidential information.

4. Order an accounting of financial transactions by Defendants to trace funds used to harm Plaintiffs and interfere with these proceedings.

5. Refer Defendants for investigation by the U.S. Department of Justice and other appropriate authorities for violations of federal law, including FARA and the FCPA.

6. Award Plaintiffs attorney's fees and costs incurred in addressing these violations.

7. Grant any other relief deemed just and proper to protect Plaintiffs and preserve the integrity of these proceedings.

Respectfully submitted,

/s/ Jorge Alejandro Rodriguez
Pro Se
Eichholzstrasse 2,
6312 Steinhausen,
Switzerland
Date: November 22nd, 2024

| | |
|---|---|
| Plaintiff 2 | All c/o |
| Plaintiff 3 | LEAD PLAINTIFF |
| Plaintiff 4 | Eichholzstrasse 2, |
| Plaintiff 5 | 6312 Steinhausen, Switzerland |
| Plaintiff 6 | |

| Plaintiff 7 | |
|---|---|

---

CERTIFICATE OF SERVICE

I hereby certify that on this Date: November 22nd, 2024
, I served a copy of the foregoing Motion for Sanctions on all counsel of record via CM/ECF, mail, etc.

Jorge Alejandro Rodriguez