IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Freites C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Petróleos de Venezuela, S.A., *et al.*, <br><br> Defendants. | C.A. No. 23-989-JLH |

**ORDER**

The Court assumes familiarity with its prior orders governing the proceedings in this case, including D.I. 37, 64, and 85. Pending before the Court is yet another collection of motions filed by *pro se* Plaintiffs (D.I. 54, 86, 87, 88, 92, 97, 98, 99, 100, 103, 104, 110, 122, 127), as well as a motion from the CITGO Defendants[1] requesting dismissal of the case for failure to prosecute (D.I. 114).

1. The Court first addresses Plaintiffs' "Motion for Reconsideration of Order D.I. 85, dated August 30, 2024" (D.I. 86), "Plaintiffs' Emergency Motion to Expedite Stay Prayed in Motion D.I.86 (Stay on Order D.I. 85)" (D.I. 87) and "Plaintiffs' Motion to Stay Pending Reconsideration" (D.I. 88). All three motions request a stay of the Court's August 30, 2024 Order (D.I. 85) insofar as it requires Plaintiffs to serve their sealed filings at D.I. 54 and 56 on opposing counsel. That request is DENIED as moot, as Plaintiffs later certified to the Court that they sent D.I. 54 and 56 to opposing counsel (D.I. 89). Plaintiffs' Motion for Reconsideration (D.I. 86) is also DENIED insofar as it requests relief from the Court's August 30, 2024 Order (D.I. 85) requiring Plaintiffs to serve their future filings on opposing counsel. Plaintiffs are again advised

---

[1] The "CITGO Defendants" are Defendants PDV Holding, Inc., CITGO Holding, Inc. (f/k/a PDV America, Inc.), and CITGO Petroleum Corporation. (D.I. 34.)

that, while judicial records can under certain circumstances be sealed from the public, Plaintiffs cannot request relief from this Court in this civil action without sharing its filings with Defendants. (*See* D.I. 85 at 2.)

2. The Court next addresses Plaintiffs' "Motion for Leave to File Third Amended Complaint" (D.I. 92). Delaware Local Rule 15.1 provides that a party moving to amend a pleading "shall attach" the "proposed pleading as amended" to their motion, along with a "form of the amended pleading" indicating how "it differs from the pleading which it amends." D. Del. L.R. 15.1(a)–(b). The CITGO Defendants' September 30, 2024 responsive brief (D.I. 95) flagged Plaintiffs' noncompliance with Local Rule 15.1, but Plaintiffs still have yet to file their proposed amended pleading, apparently because Plaintiffs do not want to share it with Defendants (D.I. 96 at 3). Plaintiffs' motion (D.I. 92) is DENIED. To be clear, nothing in the Court's prior Orders has prevented Plaintiffs from seeking leave to file their proposed pleading under seal, but Plaintiffs cannot shield their pleadings from the other parties to this case. Plaintiffs' associated "Motion to Expedite Pending Orders and Decisions Related to D.I. 96 and Previous Filings" (D.I. 97) is DENIED as moot.

3. The Court next turns to "Plaintiffs' Emergency Motion for Expedited Relief and Request for Measures Following Defendant Gustavo Lainette's Recent Incarceration and Request for Additional Protection" (D.I. 98, 99). The motion is moot insofar as it requests expedited treatment of pending motions. In addition, the motion fails to establish Plaintiffs' entitlement to early discovery or "enhanced security" for an individual whose connection to this case is not explained. Plaintiffs' motion (D.I. 98, 99) is accordingly DENIED.

4. Next up is "Plaintiffs' Motion for Leave to File Ex Parte and Under Seal Confidential Evidence Pertaining to the Illegal Financing of Campaign to Harm the Integrity of

These Proceedings by Defendants" (D.I. 100).  Plaintiffs cannot request relief from this Court without sharing its motion papers with Defendants.  The motion (D.I. 100) is DENIED.

5. Next are Plaintiffs' "Emergency Motion for Immediate Relief Due to Unauthorized Disclosure of Sealed Information" (D.I. 54), "Plaintiffs' Motion for Sanctions for Tortious Interference" (D.I. 103), Plaintiffs' "Motion for Relief and Sanctions for Tortious Interference and Violations under the Ku Klux Klan Act Against Dinorah Figuera, Gustavo Marcano, and Yon Goicoechea" (D.I. 104), "Plaintiffs' Emergency Motion for Sanctions Against Defendants and Their Counsel" (D.I. 110), and Plaintiffs' "Supplemental Motion for Sanctions to include Petróleos de Venezuela, S.A. (PDVSA) and the Junta Administradora Ad-Hoc de PDVSA" (D.I. 122).  The motions are denied to the extent they seek relief from non-parties and/or parties who have not yet been served.  Nor do the motions establish a basis to impose sanctions against parties to this case; Plaintiffs have not established that Defendants violated the Court's sealing order.  The motions (D.I. 54, 103, 104, 110, 122) are accordingly DENIED.

6. "Plaintiffs' Status Request on Pending Motions" (D.I. 127) is DENIED as moot.

7. The Court next turns to the CITGO Defendants' "Motion to Dismiss for Want of Prosecution" (D.I. 114).  As the CITGO Defendants point out, the Court ordered Plaintiffs on February 9, 2024 (over a year ago), to file a pseudonymous version of their complaint on or before March 11, 2024 and effectuate service on the named defendants.  (D.I. 37.)  Plaintiffs never filed the pseudonymous complaint.  Nor is there any indication in the record that Plaintiffs have ever attempted to properly serve Defendants with any previous versions of their pleadings, notwithstanding the Court telling them on April 17, 2024 (almost a year ago) that they needed to serve Defendant PDVSA under the Foreign Sovereign Immunities Act (D.I. 53), and the Court noting on August 30, 2024 (over 6 months ago) that "[t]he record does not reflect that the summons

and [operative] Complaint were properly served on the CITGO defendants in accordance with Fed. R. Civ. P. 4." (D.I. 85 at 2 n.2). For their part, Plaintiffs say that they were waiting for the Court to rule on their September 16, 2024 Motion to Amend (D.I. 92), which the Court has now denied. The Court agrees with the CITGO Defendants that it is unclear whether Plaintiffs have stated (or could ever state) a viable claim against any of the named Defendants. But one thing is clear: this case cannot proceed until Defendants are properly served. The Court ORDERS as follows:

    A.    On or before March 21, 2025, Plaintiffs must serve the CITGO Defendants in accordance with Federal Rule of Civil Procedure 4 with an unredacted copy of the operative complaint set forth at D.I. 45, Ex. 1 (*see* D.I. 85 at 3 n.4). Proof of service on the CITGO Defendants must be filed with the Court on or before March 24, 2025.

    B.    On or before March 24, 2025, Plaintiffs must file an affidavit (under oath and under penalty of perjury) detailing what steps they have taken to serve Defendant PDVSA with an unredacted copy of the operative complaint set forth at D.I. 45, Ex. 1.

    C.    Failure to comply with this Order will result in dismissal and revocation of any e-filing privileges previously granted to any Plaintiff.

    D.    The Court previously granted the CITGO Defendants' motion to extend the deadline to respond to the operative complaint until 60 days after PDVSA has been served under the Foreign Sovereign Immunities Act, and any sovereign immunity-based objections have been resolved. (D.I. 53; D.I. 85 at 2 n.1.) The Court further ORDERS that, unless and until they are properly served with the operative complaint, the CITGO Defendants are relieved of any obligation to respond to any future motions filed by Plaintiffs, absent an order of the Court to

respond. The CITGO Defendants' Motion to Dismiss for Want of Prosecution (D.I. 114) is DENIED without prejudice to renew.

Dated: March 7, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE