# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

**IVAN R. FREITES, et al., Plaintiffs,**

v.

**CITGO HOLDING, INC.,., Defendant.**

Case No. 1:23-CV-00989-JLH

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITGO HOLDING, INC.'S MOTION TO SET A DEADLINE TO RESPOND TO THE SECOND AMENDED COMPLAINT AND TO STAY DISCOVERY**

Plaintiffs respectfully oppose Defendant CITGO Holding, Inc.'s Motion to **(a)** set a deadline for responding to the Second Amended Complaint and **(b)** stay discovery. The Motion should be denied in its entirety. As an initial matter, the Motion violates D. Del. Local Rule 7.1.1 because Defendant failed to make a good-faith effort to confer with Plaintiffs' counsel before filing. Additionally, the Motion's requests are substantively unwarranted: **(i)** there is no need for the Court to impose a special deadline for Defendant's response, as the Federal Rules already provide the applicable timeframe, and **(ii)** a blanket stay of discovery would unduly prejudice

Plaintiffs, lacks good cause, and is not justified at this stage of the case. For these reasons, and as detailed below, the Court should deny Defendant's Motion and allow the case to proceed under the normal course.

**I. Defendant Failed to Confer as Required by Local Rule 7.1.1**

Defendant's Motion should be denied at the outset due to its failure to comply with the meet-and-confer requirement of D. Del. LR 7.1.1. Every nondispositive motion *"shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion."* () Local Rule 7.1.1 further mandates that *"a reasonable effort"* must include **oral communication** involving Delaware counsel for both parties. Here, Defendant made no such effort. To the contrary, Plaintiffs attempted to initiate a meet-and-confer on April 4, 2025 (by written request to Defendant's counsel), but Defendant did not respond or engage **(Exhibit A)**. Defendant then filed this Motion **without** the required certification or any genuine attempt to confer in good faith**.** This disregard of the local rule is fatal to the Motion.

Courts in this District strictly enforce the meet-and-confer rule. The rule itself warns that *"failure to so aver may result in dismissal of the motion."* () Indeed, in **Bausch & Lomb Inc. v. SBH Holdings LLC**, the Court denied a motion to stay specifically because the movant *"did not follow D. Del. Local Rule 7.1.1's requirements"* by failing to confer, emphasizing that a belief that conferring would

be futile *"is no excuse."* ( "If parties could decide not to follow Local Rules because they thought that the rules were not useful in their particular case, that would threaten the Court's ability to manage its docket." | IP/DE ) As Judge Burke explained, if parties could unilaterally decide to ignore Local Rule 7.1.1, *"that would threaten the Court's ability to manage its docket."* ( "If parties could decide not to follow Local Rules because they thought that the rules were not useful in their particular case, that would threaten the Court's ability to manage its docket." | IP/DE ) Similarly here, Defendant's unilateral filing—without the requisite Delaware counsel conference—violates Local Rule 7.1.1 and warrants denial of the Motion on that basis alone. Plaintiffs respectfully submit that the Court should enforce its rules and deny the Motion for this procedural failure, before even reaching the merits.

**II. The Motion's Substantive Requests Lack Merit**

Even setting aside the above procedural defect, Defendant's requests should be denied on the merits. Defendant has not demonstrated any valid need for a court-ordered response deadline, nor shown the extraordinary circumstances required to justify a stay of discovery. Each of the Motion's two requests is addressed in turn.

**(i) No Court-Ordered Deadline Is Necessary for Defendant's Response**

Defendant's request for the Court to "set a deadline" for responding to the Second Amended Complaint is unnecessary. The Federal Rules of Civil Procedure already

prescribe the time for a defendant to answer or otherwise respond to an amended complaint. **Fed. R. Civ. P. 15(a)(3)** provides that, unless the Court orders otherwise, a response to an amended pleading must be filed within the time remaining for the original response or *within 14 days after service of the amended pleading, whichever is later* (united states - In US District Court, can a plaintiff amend a complaint , more than 21 days after service, if extensions are granted to file an answer? - Law Stack Exchange). In this case, Plaintiffs' Second Amended Complaint was filed on March 8, 2024 and Defendant has since been served. Absent any Court order to the contrary, Defendant is obligated under Rule 15 to respond within the default period (at a minimum, 14 days from service, if not longer under the specific circumstances) (united states - In US District Court, can a plaintiff amend a complaint , more than 21 days after service, if extensions are granted to file an answer? - Law Stack Exchange). There is no gap in the rules requiring judicial intervention—Defendant's deadline is governed by the Federal Rules.

Defendant has not shown good cause to deviate from these standard deadlines. To the extent an earlier Court order (the April 17, 2024 Order) had extended Defendant's time to respond until certain conditions were met, those conditions (service on the foreign sovereign co-defendant and resolution of immunity issues) are now moot because that co-defendant (PDVSA) has been dismissed from the case. With the sole remaining Defendant (CITGO Holding) now served, the ordinary response clock began running. If any adjustment to the schedule were needed, the proper course was for Defendant to confer with Plaintiffs and, if possible, submit a

stipulation or unopposed motion for a modest extension. Instead, Defendant unilaterally seeks a Court-ordered deadline of May 1, 2025—effectively granting itself an extension beyond the default rule—without any particularized justification. Defendant offers no specific reason why the standard response time under Rule 15 and Rule 12 is inadequate; there is no claim of undue hardship, emergency, or other circumstance that would warrant the Court's intervention. In fact, Defendant has been aware of Plaintiffs' allegations for many months and has had ample time to prepare its response. Simply put, setting a new deadline by court order serves no purpose here except to reward Defendant's delay.

Because the Federal Rules already set the timeline for responding to the operative complaint, the Court should decline Defendant's invitation to issue an unnecessary deadline. Defendant's request is, in substance, a motion for an extension of time without any showing of good cause. Under **Fed. R. Civ. P. 6(b)**, extensions require a showing of good cause, and none has been provided. Therefore, Defendant's request to "set a time to respond" should be denied, and Defendant should be held to the timetable provided by the rules (or any reasonable date to which the parties might mutually agree). In short, there is no need for the Court to expend its resources micromanaging a deadline that the rules of procedure already govern.

**(ii) A Stay of Discovery Would Unduly Prejudice Plaintiffs and Lacks Good Cause**

Defendant's alternative request to stay all discovery pending resolution of its anticipated motion to dismiss is equally without merit. It is well established that a stay of discovery is an extraordinary remedy that requires a showing of *good cause* under **Fed. R. Civ. P. 26(c)**. The Third Circuit has made clear that the party seeking to stay or limit discovery must make a *"particular and specific demonstration of fact"* in support of the request (CIPOLLONE v. LIGGETT GROUP, INC | 785 F.2d 1108 | 3d Cir ...). Vague assertions about burden or cost are insufficient—*"[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."* (CIPOLLONE v. LIGGETT GROUP, INC | 785 F.2d 1108 | 3d Cir ...) Here, Defendant has not come close to meeting this stringent standard. It offers only the generic argument that its forthcoming Rule 12(b)(6) motion *might* dispose of the case and thereby make discovery unnecessary. Such a contention, raised by nearly every defendant moving to dismiss, is not by itself "good cause" to halt discovery.

Crucially, there is **no automatic stay of discovery** simply because a motion to dismiss is pending or anticipated. Courts in the District of Delaware routinely proceed with discovery despite dispositive motions, absent a strong showing by the movant. In fact, *"[m]otions to stay [discovery] pending 'routine' motions to dismiss are generally disfavored in the District of Delaware."* (Judge Burke Grants Motion to Stay Pending Motion to Dismiss - Richards, Layton & Finger) This is because staying discovery can significantly delay the case and prejudice the plaintiff, and the mere filing of a motion to dismiss does not guarantee its success. The Third

Circuit recognizes that a stay may be appropriate **only** in certain narrow circumstances—namely, where the pending motion is case-dispositive *and* appears likely to be granted, such that allowing discovery would be wasteful. *"In certain cases, it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."* (MANN v. BRENNER | 375 F. App'x 232 | 3d Cir. | Judgment | Law | CaseMine) (**Mann v. Brenner**, 375 F. App'x 232, 239 (3d Cir. 2010)). Defendant cannot credibly claim this is such a case. Unlike in Mann (a non-precedential decision where the complaint was plainly deficient), here Plaintiffs have filed a detailed Second Amended Complaint that they firmly believe states valid claims for relief. Defendant has previewed its intent to argue that Plaintiffs' claims fail as a matter of law, but that is a contention on the merits which Plaintiffs dispute. At this juncture, before Defendant has even filed its motion to dismiss, the Court has no basis to conclude that Defendant's motion will be meritorious—let alone so clearly meritorious that all discovery should be preemptively frozen.

Defendant's optimism about its motion to dismiss does not constitute good cause for a stay. It is the Court's role, upon proper briefing, to evaluate the sufficiency of the Complaint. Until and unless the Court determines that some or all of Plaintiffs' claims are legally insufficient, discovery should proceed in the normal course. Allowing Defendant to halt discovery now would effectively prejudge the motion to dismiss in Defendant's favor, which is improper. See **Mann**, 375 F. App'x at 239 (noting that the *"idea that discovery should be permitted only after a motion to*

*dismiss is resolved"* is not the general rule, except in clear cases of futility) (MANN v. BRENNER | 375 F. App'x 232 | 3d Cir. | Judgment | Law | CaseMine). Moreover, Defendant's heavy reliance on its own assessment of Plaintiffs' case (for example, Defendant's claim that Plaintiffs' grievances are primarily directed at foreign actors) underscores that factual and legal disputes exist—precisely the type of disputes that discovery can help illuminate.

The prejudice to Plaintiffs from a discovery stay would be significant. This action was initiated in 2023, and further delay in moving forward will hinder Plaintiffs' ability to timely gather evidence and advance their case. Important documents and witness memories may become harder to obtain as more time passes. Plaintiffs—who appear to be private individuals seeking relief for past wrongs—have a right to pursue their claims diligently. Staying discovery indefinitely (until an eventual decision on Defendant's motion, which itself could take months) would stall Plaintiffs' case and could risk the loss of momentum and critical evidence. Any such delay in the progression of the case unduly prejudices Plaintiffs' interests in a prompt resolution. As the Supreme Court has observed, *"delay often works irreparable injury"* and justice may be denied when litigation is unnecessarily prolonged. **See** *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (recognizing that lengthy stays can create significant hardship for the party seeking relief).

On the other side of the ledger, Defendant has not identified any concrete hardship it would suffer by proceeding with discovery. The normal obligations of

litigation—responding to discovery requests, making initial disclosures, etc.—do not constitute undue burden, especially for a large corporate defendant. If Defendant truly believes certain discovery is overbroad or burdensome, it can seek protective relief as appropriate on a *case-by-case* basis. What Defendant seeks here, however, is a blanket pause on all discovery before it even begins. Granting such relief would set a troubling precedent: virtually every defendant who files a motion to dismiss would demand a discovery stay, delaying litigation across the board. That is not the practice in this District. To the contrary, as noted, routine motions to dismiss do not entitle a defendant to avoid discovery by default (Judge Burke Grants Motion to Stay Pending Motion to Dismiss - Richards, Layton & Finger).

Defendant's cited authorities do not compel a different result. Defendant points to the Third Circuit's decision in *Mann v. Brenner* and similar cases to argue that a stay is warranted because its motion **might** dispose of the case. But Mann actually supports Plaintiffs' position. It acknowledges that a stay can be appropriate *only* when the motion at issue would *certainly* be case-dispositive and appears meritorious on its face (MANN v. BRENNER | 375 F. App'x 232 | 3d Cir. | Judgment | Law | CaseMine). Here, we have neither: Plaintiffs' claims will not be resolved until the Court considers full briefing on Defendant's motion, and Plaintiffs are confident the motion will *not* dispose of the entire case. Likewise, while Defendant cites a recent decision (e.g., **Ferrari v. Woods**, No. 20-154 (D. Del. Feb. 2025)) for the proposition that a court found a "cogent" dismissal argument and granted a stay, that case involved unique circumstances not present here. In any

event, each case turns on its own facts. **In this case, Plaintiffs have alleged serious misconduct by Defendant that contributed to their injuries, and those allegations should be tested through discovery and adjudication, not summarily brushed aside on Defendant's unilateral assertion that it has a winning legal argument.**

In sum, Defendant has failed to show good cause for a discovery stay. The potential that Defendant *might* succeed in dismissing some or all claims is an insufficient basis to halt discovery, especially given the prejudice that would accrue to Plaintiffs. Balancing the equities and interests, the scales tip decidedly against a stay. Proceeding with discovery will ensure that, if the case survives Defendant's motion (in whole or in part), the parties and the Court will not have lost precious time and can move efficiently toward resolution. Conversely, a stay would only reward Defendant's dilatory approach and impede Plaintiffs' quest for a timely adjudication on the merits.

Accordingly, Plaintiffs respectfully request that the Court deny Defendant's request to stay discovery. Discovery should commence pursuant to Rule 26 and the Court's scheduling order, which Plaintiffs urge to be issued without further delay.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully ask the Court to **DENY** Defendant's Motion in its entirety. Defendant should be required to answer or respond to the Second Amended Complaint on the schedule provided by the Federal

Rules (without any special extension), and discovery should proceed in the normal course. Plaintiffs further request that the Court set a Rule 26(f) conference at the earliest practicable time, so that a scheduling order may be entered and this case may move forward.

Plaintiffs submit that denying the present Motion will serve the interests of justice and judicial efficiency by enforcing compliance with the Court's rules and avoiding undue delay.

**Respectfully submitted,**

/s/ Jorge Alejandro Rodriguez

**Pro Se Plaintiff**

Eichholzstrasse 2

6312 Steinhausen, Switzerland

**Dated:** April 9th, 2025

| | |
|---|---|
| **Lead Plaintiff JR** | Name and address: |
| **Plaintiff 2 IF** | All c/o |
| **Plaintiff 3 EV** | LEAD PLAINTIFF |
| **Plaintiff 4 AM** | Eichholzstrasse 2, |
| **Plaintiff 5 MO** | 6312 Steinhausen, Switzerland |

| | |
|---|---|
| **Plaintiff 6 PM**  **Plaintiff 7 JC** | |

List of Exhibits:

**Exhibit A :   Plaintiffs written request to Defendant's counsel by E-Mail dated April 4, 2025   attempting to initiate a meet-and-confer where Defendant did not respond or engage.**

## Certificate of Service

I hereby certify that on April 9, 2025, I caused a true and correct copy of the foregoing Opposition to be filed with the Clerk of the Court via CM/ECF, which will send notification of such filing to all counsel of record. I further certify that on April 9, 2025, I caused a copy to be served via electronic mail at the following address:

Alexandra Cumings (acumings@mnat.com), Kirk Andersen (kandersen@morrisnichols.com), Susan Waesco (swaesco@mnat.com), Nathan Eimer (neimer@eimerstahl.com), Daniel Birk (dbirk@eimerstahl.com)

**Respectfully submitted,**

/s/ Jorge Alejandro Rodriguez

**Pro Se Plaintiff**

Eichholzstrasse 2

6312 Steinhausen, Switzerland